1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    ANDREW JOSEPH DAVIS,                    Case No.  24-cv-08957-SK

                      Plaintiff,
8
                                             ORDER ON MOTION TO DISMISS
9          v.                                AND FOR A MORE DEFINITE
                                             STATEMENT
10   INTERNATIONAL ASSOCIATION OF
     MACHINISTS AND AEROSPACE                Regarding Docket No. 7
11   WORKERS, LOCAL LODGE 1781, et al.,

12                    Defendants.

13          This matter comes before the Court upon consideration of the motion to dismiss or, in the

14   alternative, for a more definite statement filed by Defendants International Association of

15   Machinists and Aerospace Workers, Local Lodge 1781, Anthony Parker, Eric Grogans, Nisha

16   Chaudry, Tevitia Sisifa, and Zachary Smith ("Defendants").  Having carefully considered the

17   parties' papers, relevant legal authority, the record in the case, and having had the benefit of oral

18   argument, the Court hereby GRANTS Defendants' motion for a more definite statement and

19   dismisses the Complaint for the reasons set forth below.

20                                    **BACKGROUND**

21          Plaintiff Andrew Joseph Davis ("Plaintiff") is a member of Machinists Lodge 1781 and

22   works for United Airlines.  It is undisputed that he works under the terms of a collective

23   bargaining agreement ("CBA").  Moreover, Plaintiff's local union is affiliated with the

24   International Association of Machinists and Aerospace Workers.

25                                     **ANALYSIS**

26   **A.     Applicable Legal Standard on Motion to Dismiss.**

27          A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the

28   pleadings fail to state a claim upon which relief can be granted.  On a motion to dismiss under

*United States District Court*
*Northern District of California*

United States District Court
Northern District of California

1   Rule 12(b)(6), the Court construes the allegations in the complaint in the light most favorable to

2   the non-moving party and takes as true all material allegations in the complaint. *Sanders v.*

3   *Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986). Even under the liberal pleading standard of Rule

4   8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires

5   more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

6   will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*,

7   478 U.S. 265, 286 (1986)). Rather, a plaintiff must instead allege "enough facts to state a claim to

8   relief that is plausible on its face." *Id.* at 570.

9       "The plausibility standard is not akin to a probability requirement, but it asks for more than

10  a sheer possibility that a defendant has acted unlawfully. . . . When a complaint pleads facts that

11  are merely consistent with a defendant's liability, it stops short of the line between possibility and

12  plausibility of entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

13  *Twombly*, 550 U.S. at 557) (internal quotation marks omitted). If the allegations are insufficient to

14  state a claim, a court should grant leave to amend, unless amendment would be futile. *See, e.g.*

15  *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Lieche, Inc. v. N.*

16  *Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

17      As a general rule, "a district court may not consider material beyond the pleadings in ruling

18  on a Rule 12(b)(6) motion." *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), *overruled on*

19  *other grounds, Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) (citation omitted).

20  However, documents subject to judicial notice, such as matters of public record, may be

21  considered on a motion to dismiss. *See Harris v. Cnty of Orange*, 682 F.3d 1126, 1132 (9th Cir.

22  2011). In doing so, the Court does not convert a motion to dismiss to one for summary judgment.

23  *See Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *overruled on other*

24  *grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991). "The court need

25  not . . . accept as true allegations that contradict matters properly subject to judicial notice . . . ."

26  *Sprewell v. Golden State Warriors*, 266 F. 3d 979, 988 (9th Cir. 2001).

27  **B.     Defendants' Motion to Dismiss or for a More Definite Statement.**

28      The facts underlying Plaintiff's complaint are unclear. In his complaint, Plaintiff describes

2

the events at a Local Lodge 1781 meeting on October 12, 2022, and alleges that the trial committee of the local union read findings about Plaintiff to the union members. (Dkt. No. 1 (attached to the Notice of Removal).) Plaintiff appears to allege that such conduct was retaliation for Plaintiff's previous complaint that he filed against Local Lodge 1781. (*Id.*) Plaintiff also describes events that occurred before the meeting on October 12, 2022, including an alleged retaliatory complaint filed by Local Lodge 1781 Officer Eric Grogans against Plaintiff with the local union and with United Airlines. (*Id*.) A trial before the local union was scheduled for Plaintiff on the charges under Article L of the CBA for September 29, 2022. Plaintiff did not attend the trial. (*Id.*)

Plaintiff alleges that he was removed from his elected position within Local Lodge 1781 without a trial as required under the CBA, but he does not specify when he was removed from office. (*Id*.)

Plaintiff initially filed his complaint in the Superior Court for the County of San Mateo. Defendants removed this action to federal court on the grounds that Plaintiff's complaint asserts that Local Lodge 1781 breached its duty of fair representation and violated the CBA and that Plaintiff was denied due process under the CBA. Defendants contend that such claims are completely preempted by 29 U.S.C. 185 and 29 U.S.C. § 412.

Defendants' motion to dismiss or for a more definite statement is not the model of clarity. They appear to argue as follows: (1) that Plaintiff's state-law claims against the Union are completely preempted by the Railway Labor Act; (2) that Plaintiff's claim based on events occurring before the October 12, 2022 meeting are barred by the statute of limitations; and (3) that Plaintiff's claims against individual union officials for acts as union representatives are precluded by Supreme Court precedent.[1]

In opposition to Defendants' motion, Plaintiff clarified that his claims are only based on the events of the October 12, 2022 meeting, but it is still not clear what claims Plaintiff brings and against whom. Unless and until it is clear, the Court cannot address whether Plaintiff has

---

[1] Defendants did not provide this precedent, though.

United States District Court
Northern District of California

sufficiently alleged facts to state such claims.  Therefore, the Court GRANTS Defendants' motion for a more definite statement and DISMISSES Plaintiff's complaint with leave to amend.  Plaintiff shall file his amended complaint, if he elects to file one, by no later than March 26, 2025.  If he elects to file an amended complaint, Plaintiff shall take care to clearly allege: (1) what claims he brings; (2) which Defendant each claim or claims are against; and (3) what facts support each claim.

The Court reminds Plaintiff that the district court has produced a guide for *pro se* litigants called Representing Yourself in Federal Court: A Handbook for *Pro Se* Litigants, which provides instructions on how to proceed at every stage of your case, including discovery, motions, and trial. It is available electronically online (https://perma.cc/ANQ4-N2ZT) or in hard copy free of charge from the Clerk's Office.  The Court additionally has a website with resources for *pro se* litigants (https://www.cand.uscourts.gov/pro-se-litigants/).  The Court further advises Plaintiff that he also may wish to seek assistance from the Legal Help Center.  Plaintiff may call the Legal Help Center at 415-782-8982 or email fedpro@sfbar.org for a free appointment with an attorney who may be able to provide basic legal help, but not legal representation.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion for a more definite statement and DISMISSES Plaintiff's complaint with leave to amend.  As stated above, Plaintiff's deadline to file an amended complaint in accordance with this Order is March 26, 2025.

**IT IS SO ORDERED**.

Dated: March 5, 2025

_____

SALLIE KIM
United States Magistrate Judge